IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Bruce B. Thomas,  )  | CIVIL ACTION NO.  3:15-1604-RBH-BM |
|           Plaintiff,  )  | |
| v.  )  | **REPORT AND RECOMMENDATION** |
| Hartford Casualty Insurance Co.,  )  | |
|           Defendant.  )  | |

     This action was originally filed by the Plaintiff, pro se, in the South Carolina Court of Common Pleas. Plaintiff seeks a declaratory judgment that he is entitled to certain insurance benefits. The Defendant[1] subsequently removed this matter to this United States District Court on the basis of diversity jurisdiction. See 28 U.S.C. § 1332(a)(1).

     Following removal, Plaintiff filed a motion to remand this action back to state court, arguing that Defendant's removal of this case was untimely. The Defendant filed a response in opposition to Plaintiff's motion to remand on May 26, 2015, and in the interim, also filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on several grounds. Plaintiff filed a response in opposition to the Defendant's motion to dismiss on June 4, 2015; however, since he is proceeding pro se, the Court issued a Roseboro order on July 6, 2015, advising Plaintiff of the importance of a

---

[1]The Defendant named by Plaintiff in the Complaint is the Hartford Casualty Insurance Co. However, Defendant asserts that the proper party Defendant is the Hartford Life & Accident Insurance Co. See Court Docket No. 1.

1



dispositive motion and the necessary requirements for opposing such a motion. Plaintiff thereafter filed a supplemental response in opposition on August 7, 2015, to which the Defendant filed a reply memorandum on August 17, 2015.

These motions are now before the Court for disposition.[2]

**Discussion**

In his motion to remand, plaintiff argues that he filed this action in the South Carolina Court of Common Pleas on March 2, 2015, and that the Defendant acknowledged receipt of the Complaint on or about March 6, 2015. Plaintiff argues therefore that the Defendant's removal of this case to Federal Court on April 13, 2015 was therefore untimely, as it was more than thirty (30) days after receipt by the Defendant of a copy of the initial pleading or within thirty (30) days after service of the summons upon the Defendant. See 28 U.S.C. § 1446(b).[3] However, Defendant argues that Plaintiff's motion is without merit, as he did not file this action in the South Carolina Court of Common Pleas until March 16, 2015. A review of the records of the South Carolina Circuit Court

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. As these motions before the Court are dispositive, this Report and Recommendation is entered for review by the Court.

[3]28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.



confirms this to be correct. http://www5.rcgov.us/SCJDWED/PublicIndex/PISearch.aspx (Civil Action No. 2015-CP-40-01643) (last checked Aug. 26, 2015).  See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records].

While the filings submitted to the Court indicate that Plaintiff did earlier mail to the Defendant an unfiled copy of his "Petition", without a summons, which was received by the Defendant on or about March 6, 2015, that was not effective service for purposes of the federal removal statute.  See Court Docket No. 1-1; see also Arnold v. Fed. Land Bank of Jackson, 747 F.Supp. 342, 343–44 (M.D.La.1990) ["It is clear that the period for removal does not begin running upon the receipt of a mere courtesy copy of the state court petition that is not even filed with the state court. Sending a courtesy copy of the petition to the defendants some sixty days prior to the actual filing of a suit in connection with settlement negotiations does not put a defendant on notice of removal, nor does it begin the tolling period because the suit is subject to being changed or not even being filed."]; Quigley Corp. V. Wachovia Services, Inc., No. 07-1343, 2007 WL 2031780 at * 3 (E.D.Pa. July 6, 2007)["Plaintiff's unfiled draft complaint is not an 'initial pleading.'  Although intended to threaten litigation . . . the draft complaint is just that - a draft.  Plaintiff was free to alter the document or to refrain from filing it altogether."].[4]  These facts do not set forth a basis for

---

[4] Defendant further notes that even when Plaintiff finally filed his "Petition" in state court on March 16, 2015, it again did not include a summons, as required by Rule.  See Rule 3(a), S.C.R.C.P. [Providing that a civil action "is commenced when the summons and complaint are filed with the Clerk of Court if: (1) the summons and complaint are served within the statute of limitations in any (continued...)



remand of this action based on any violation by the Defendant of the thirty (30) day removal period provided by statute. See also Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-348 (1999)["[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of summons, but not by mere receipt of the complaint unattended by formal service."]; Schneehagen v. Spangle, 975 F.Supp. 973, 973–74 (S .D. Texas 1997) [Section 1446(b) "specifically provides that the time period for removal begins after receipt of the initial pleading 'upon which such action or proceeding is based.' ... Until the state court action is filed, no action or proceeding yet exists."]. Therefore, Plaintiff's motion for remand should be **denied**.

With respect to the Defendant's motion to dismiss, Defendant argues, inter alia, that this case should be dismissed because, pursuant to S.C.Code Ann. § 62-2-803, Plaintiff lacked standing to file for the relief requested in his Complaint. In this action, Plaintiff requests that this Court issue an order declaring that he is entitled to the accidental death life insurance benefits of Regina Holloman, who was covered under multiple policies issued by the Defendant. Defendant correctly points out, however, that Plaintiff pled guilty to murdering Holloman in 2007, a guilty plea that has been upheld not just by the state courts but by this Federal Court as well. See generally, Thomas v. Stevenson, Civil Action No. 9:12-1113 (D.S.C.); see also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]. South Carolina Code Annotated Section 62-2-803 (the "slayer statute")

---

⁴(...continued)
manner prescribed by law"].  As such, as part of its motion to dismiss, Defendant argues, inter alia, that this case should be dismissed because Plaintiff has failed to properly even commence this action and effect service of process.

4



provides that an individual, like the Plaintiff here, who pleads guilty to feloniously and intentionally killing an insured, is not entitled to insurance proceeds. See S.C.Code Ann. § 62-2-803(c) &(f). See also Defendant's Exhibits (Hartford Policy Booklet of Insurance and Report of Incident).[5] Therefore, the undersigned concludes that Plaintiff's claims for the life insurance benefits at issue in his Complaint are without merit as a matter of law, and that the Defendant is therefore entitled to dismissal of this case.

## Conclusion

Based on the forgoing, it is **recommended** that the Plaintiff's motion for remand be **denied**,[6] that the Defendant's motion to dismiss be **granted,** and that this case be **dismissed**.

---

[5]The Court may consider these exhibits as part of a Rule 12 motion to dismiss, since they are "integral to and explicitly relied on" in the Complaint. Phillips v. LCI Int'l., Inc., 190 F.3d 609, 618 (4th Cir. 1999).

[6]The undersigned notes that, in a subsequent filing, Plaintiff has set forth an argument that remand may also be appropriate because the amount in controversy does not exceed $75,000, one of the requirements for diversity jurisdiction. However, the Defendant has argued in response that its exposure at the time of removal involved three insurance policies which total $109,000.00. See McClurkin v. Champion Laboratories, Inc., No. 11-2401, 2011 WL 5117599, at * 2 (D.S.C. 2011); see Woodward v. Newcourt Commercial Finance Corp., 60 F.Supp.2d 530, 531 (D.S.C. 1999)[The proper time for testing the sufficiency of the jurisdictional amount is when the case is removed.]. Although the total of these three policies has not been disputed by the Plaintiff, the Defendant is instructed to submit an appropriate affidavit or other evidence confirming this amount to the District Court during the time period in which any objections to this Report and Recommendation are to be filed. Cf. Statin v. Deutsche Bank Nat'l Trust Co., 599 Fed.Appx. 545, 547 (4th Cir. Dec. 19, 2014)[Remanding to district court for determination as to whether amount-in-controversy was satisfied at the time of removal since the evidentiary record was insufficient]. While the undersigned is at this time recommending dismissal of this case on the merits for the reasons stated hereinabove, supra, if Defendant fails to submit evidence establishing that the amount-in-controversy exceeded $75,000 at the time of removal, then the undersigned recommends in the alternative that this case be remanded to State Court.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 27, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

