UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Bruce B. Thomas, | ) | Civil Action No.:  3:15-cv-01604-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hartford Casualty Insurance Co., | ) | |
| | ) | |
| Defendant. | ) | |
| ————————————— | ) | |

This diversity action concerns a dispute over whether Defendant Hartford Casualty Insurance

Co.[1] owes Plaintiff Bruce B. Thomas the proceeds from insurance policies purchased from Defendant

by Regina Holloman—who Plaintiff murdered.  Plaintiff has filed a motion to remand, and Defendant

has filed a motion to dismiss.  *See* ECF Nos. 11 & 14.  The case is before the Court for review of the

Report and Recommendation (R & R) of United States Magistrate Judge Bristow Marchant.[2]  *See* R &

R, ECF No. 25.  The Magistrate Judge recommends the Court (1) deny Plaintiff's motion to remand and

(2) grant Defendant's motion to dismiss.  R & R at 4-5.  For the reasons stated below, the Court agrees

with the Magistrate Judge and adopts the R & R.

## Factual and Procedural Background

Plaintiff, a citizen of South Carolina, initiated this action by filing a pro se complaint in the

---

[1]    Defendant asserts in its answer that its correct name is Hartford Life and Accident Insurance Company.
ECF No. 4 at 1.

[2]    In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred
to the Magistrate Judge for pretrial handling.  The Magistrate Judge reviewed Plaintiff's complaint pursuant to the
screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A.  The Court is mindful of its duty to liberally construe
the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City
of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints
are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally.  It does not
require those courts to conjure up questions never squarely presented to them.").

Court of Common Pleas for Richland County, South Carolina, against Defendant, a citizen of Connecticut.[3] *See* ECF Nos. 1 & 1-1. In his complaint, Plaintiff alleges that he pled guilty in February 2007 to charges of murder and assault and battery with intent to kill and that he is now serving an aggregate sentence of life imprisonment for his convictions.[4] ECF No. 1-1 at ¶ 3. Plaintiff further claims that he is the named primary beneficiary of a life insurance policy that Regina A. Holloman purchased from Defendant, and that Defendant has refused to pay Plaintiff the proceeds of the policy. *Id.* at ¶¶ 17-21. Plaintiff seeks a declaratory judgment that he is entitled to collect the insurance proceeds. *Id.* at ¶ 22.

On April 13, 2015, Defendant removed the action on the basis of diversity citizenship by filing a notice of removal in this Court. *See* ECF No. 1. The next day, Defendant filed an answer to Plaintiff's complaint, asserting Plaintiff's factual allegations related to his plea and conviction for the murder of Holloman. ECF No. 4 at ¶ 5. Defendant admitted that Holloman "purchased Life and Accidental Death and Dismemberment policies through the South Carolina Budget Control Board,"[5] and that Plaintiff was named as one of several beneficiaries at the time of Holloman's death. *Id.* at ¶¶ 7-8.

On May 11, 2015, Plaintiff filed a motion to remand on the ground that Defendant's notice of removal was untimely. *See* ECF No. 11. Defendant filed a timely response in opposition. *See* ECF No.

---

[3]    Plaintiff and Defendant dispute the date that the complaint was filed in the Richland County Court of Common Pleas, and the Court addresses this issue in the "Discussion" section below.

[4]    Plaintiff does not identify the victims of his crimes in his complaint, but as judicially noticed by the Court later in this order, the victims were Regina Holloman and her mother.

[5]    In its motion to dismiss, Defendant explains, "The decedent, Ms. Holloman, was a participant in an employee benefit plan that included accidental death and dismemberment and life insurance benefits under two policies issued by Hartford Life and Accident Insurance Company to her employer, the South Carolina Budget and Control Board." ECF No. 14-1 at 2.

16.   In a subsequent filing, Plaintiff asserted another ground for remand, arguing the amount in controversy did not exceed $75,000.[6]  ECF No. 23 at 4.

On May 20, 2015, Defendant filed a motion to dismiss asserting dismissal was warranted, among other reasons, because Plaintiff pled guilty to murdering Holloman and thus was barred from collecting any insurance proceeds on her behalf pursuant to section 62-2-803 of the South Carolina Code (Supp. 2014) (prohibiting a named beneficiary who has feloniously and intentionally killed the insured from collecting insurance proceeds). *See* ECF No. 14.  Defendant attached several documents to its motion to dismiss, including (1) a prior R & R issued by the Magistrate Judge addressing Plaintiff's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and summarizing the facts relating to Plaintiff's convictions; and (2) this Court's order adopting the R & R, granting summary judgment for the respondent, and dismissing  Plaintiff's § 2254 habeas petition.  *See* ECF Nos. 14-4 & 14-5; *see also Thomas v. Stevenson*, No. CIV.A. 9:12-01113, 2013 WL 809253, at *6 (D.S.C. Jan. 4, 2013) ("The record reflects that Petitioner's convictions arose out of an incident where he shot and killed his girlfriend and shot and seriously injured the girlfriend's mother."), *report and recommendation adopted*, No. 9:12-CV-01113-RBH, 2013 WL 808844 (D.S.C. Mar. 5, 2013), *appeal dismissed*, 539 F. App'x 275 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 1558 (2014).  Plaintiff filed a timely response and supplemental response opposing Defendant's motion to dismiss.  *See* ECF Nos. 18 & 23.

The Magistrate Judge issued an R & R recommending that the Court (1) deny Plaintiff's motion

---

[6]       Although Plaintiff did not raise the amount in controversy argument in his original motion to remand and instead raised it in a response to Defendant's motion to dismiss, the Court will consider the argument in light of its duty to liberally construe pro se filings.  *See Gordon*, 574 F.2d at 1151; *Riggleman v. W. Virginia Dep't of Corr.*, 174 F. App'x 168, 169 (4th Cir. 2006) (recognizing "courts must liberally construe pro se filings").

to remand and (2) grant Defendant's motion to dismiss. R & R at 4-5. Plaintiff filed timely objections; Defendant filed an affidavit that the Magistrate Judge had instructed it to submit in the R & R; and Plaintiff filed a motion to strike the affidavit, to which Defendant filed a response in opposition. *See* ECF Nos. 28, 30, & 31. The motion to dismiss, motion to remand, and motion to strike are now before the Court.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error In the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

I.    **Plaintiff's Motion to Remand**

4

A.    **Applicable Law**

The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Thus, Defendant bears the burden to establish federal jurisdiction is proper in this case. "Because removal jurisdiction raises significant federalism concerns," the Court "must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Id.* (internal citation omitted).

State court defendants may remove a civil action to federal district court if the district court has original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). A civil defendant must file a notice of removal either (a) within thirty days after receiving a copy of the initial pleading (i.e., the plaintiff's complaint) or (b) within thirty days after receiving service of summons if the initial pleading has been filed in court and need not be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b)(1). A plaintiff whose action a defendant has removed to federal court may file a motion to remand—within thirty days after the filing of the notice of removal—on the basis that removal was improper. 28 U.S.C. § 1447(c). Moreover, if the district court determines at any time before entering final judgment that it lacks subject matter jurisdiction over a removed action, it must remand the action to state court. *Id.*

Federal district courts have original jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "When a plaintiff seeks declaratory relief, the amount in controversy for purposes of section 1332 is the 'value of the object of the litigation.'" *Toler v. State Farm Mut. Auto. Ins. Co.*, 25 F. App'x 141, 143 (4th Cir. 2001) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). "In determining whether the 'value of the object of the litigation' is sufficient to

5

satisfy the amount in controversy requirement, the Court should grant a dismissal only where it appears to a *legal certainty* that the controversy involves less than $75,000." *Tolbert v. Cook*, No. CA 8:13-03312-GRA, 2014 WL 1652434, at *2 (D.S.C. Apr. 23, 2014). "In this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (alteration in original) (quoting *Gov't Emp. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). In other words, the amount in controversy requirement is satisfied if either the gain to the plaintiff or the cost to the defendant exceeds $75,000. *Tolbert*, 2014 WL 1652434, at *2.

"The proper time for testing the sufficiency of the jurisdictional amount is when the case is removed." *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 531 (D.S.C. 1999). Ordinarily, the amount claimed by the plaintiff in his complaint "will determine whether the jurisdictional amount is satisfied for purposes of removal," *Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 734 (4th Cir. 2009), "and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C. 2005). However, when the complaint does not allege a specific amount, the federal district court to which the case has been removed must identify the amount in controversy by considering the claim(s) in the plaintiff's complaint, the notice of removal, and other pertinent materials in the record. *Crosby v. CVS Pharmacy, Inc.*, 409 F. Supp. 2d 665, 667 (D.S.C. 2005).

### B.    Plaintiff's Arguments

Plaintiff moves to remand on two grounds, arguing (1) Defendant's notice of removal was untimely and (2) the amount of the insurance proceeds in controversy do not exceed $75,000. ECF No. 11 at 2-3; ECF No. 23 at 4. The Magistrate Judge rejects both arguments and recommends denying

Plaintiff's motion to remand. R & R at 3-4, 5 n.6. Plaintiff objects to the Magistrate Judge's findings and recommendation. Pl.'s Objs. at 1-2, 4-5.

The Court has reviewed the record and agrees with the Magistrate Judge's conclusions. First, regarding the timeliness of Defendant's notice of removal, the Court notes the copy of Plaintiff's complaint filed with Defendant's notice of removal does not contain a time stamp indicating the date when the complaint was filed in state court. Defendant states in its notice of removal that Plaintiff filed the complaint in the Richland County Court of Common Pleas on March 16, 2015, but Plaintiff maintains in his objections that he filed it on March 2, 2015. *Compare* ECF No. 1 at 1, *with* Pl.'s Objs. at 2.

The Richland County Fifth Judicial Circuit Public Index confirms Plaintiff's action was filed in the Richland County Court of Common Pleas on March 16, 2015. *See* http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40002 &Casenum=2015CP4001643&CaseType=V (last visited Nov. 9, 2015). As the Magistrate Judge explains in the R & R, the Court may take judicial notice of the March 16, 2015 filing date because it is a matter of public record. R & R at 3; *see Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("The Court may take judicial notice of matters of public record . . . ."), *aff'd*, 482 F. App'x 759 (4th Cir. 2012); *Lunsford v. SC Dep't of DSS, Foster Care Provider*, No. 2:13-CV-3546 DCN, 2014 WL 408645, at *2 n.3 (D.S.C. Feb. 3, 2014) ("This Court may take judicial notice of the Public Index for the Clerk of Court for Charleston County."). Moreover, Defendant filed the notice of removal in this Court on April 13, 2015—within thirty days of the time

7

limit prescribed in 28 U.S.C. § 1446(b)(1).[7]  Accordingly, the Court finds Defendant's notice of removal was timely.

Second, regarding the amount in controversy, Plaintiff argues Defendant—who asserted in its notice of removal and answer that the amount in controversy exceeded $75,000—has been permitted to proceed in federal court "without producing one document in support of the amount in controversy." Pl.'s Objs. at 4; *see* ECF No. 1 at 2; ECF No. 4 at ¶ 2.  Addressing this argument, the Magistrate Judge included a footnote in the R & R instructing Defendant to file an affidavit or other evidence confirming the jurisdictional amount in controversy.  R & R at 5 n.6.  Following the issuance of the R & R, Defendant submitted an affidavit from one of its employees, Corey Welch.  ECF No. 30.  Mr. Welch states in his affidavit that at the time Holloman died and at the time Plaintiff filed this action, Holloman's insurance policies totaled $109,000 (from life insurance policies totaling $53,000 and accidental death and dismemberment policies totaling $56,000).  *Id.* at ¶¶ 2-4.  Based on Mr. Welch's affidavit, the Court finds the value of the insurance proceeds from Holloman's policies—"'the object of the litigation'" in this declaratory judgment action—exceed the jurisdictional amount required for diversity under 28 U.S.C. § 1332(a).[8]  *See Toler*, 25 F. App'x at 143 (quoting *Hunt*, 432 U.S. at 347).

---

[7]     As the Magistrate Judge notes, Plaintiff mailed a copy of his unfiled complaint to Defendant before March 16, 2015, but this mailing was not effective service for purposes of the federal removal statute.  R & R at 3; *see Leverton v. AlliedSignal, Inc.*, 991 F. Supp. 481, 484-85 (E.D. Va. 1997) (recognizing an unfiled courtesy copy of a pleading "is not an 'initial pleading' as defined by Section 1446(b)" and does not put a defendant on notice of removal; and observing an unfiled complaint does not satisfy the "initial pleading" requirement because "there is nothing to be removed if nothing has been filed" in court).  "Moreover, common sense dictates a similar result."  *Id.* at 485.  For example, until the complaint was filed in state court, it was subject to revision by Plaintiff.  *See id.*

[8]     The Court is aware that "[g]enerally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal."  *Bartnikowski*, 307 F. App'x at 734. Here, however, Plaintiff has not specified the amount in controversy in his complaint.  Thus, the Court can properly consider Mr. Welch's affidavit, as well as Defendant's notice of removal, to determine whether Defendant has established that the jurisdictional amount is satisfied.  *See Crosby*, 409 F. Supp. 2d at 667("[W]here Plaintiff has alleged an indeterminate amount of damages, as where he claims some amount 'not to exceed $75,000,' the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any

8

The Court rejects both arguments presented in Plaintiff's objections and denies his motion to remand.

## II.     Plaintiff's Motion to Strike

Plaintiff also moves to strike Mr. Welch's affidavit, arguing Defendant did not file the affidavit within the time period for doing so.  ECF No. 31.  This argument is meritless.  The Magistrate Judge instructed Defendant to submit an affidavit establishing the jurisdictional amount in controversy during the time period for filing objections to the R & R.  *See* R & R at 5 n.6.  The Clerk mailed the R & R to the parties on August 27, 2015.  ECF No. 26.  The parties had fourteen days after August 27, plus three additional days because the R & R was served by mail, for a total of seventeen days to file objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 5; Fed. R. Civ. P. 6.  The seventeenth day fell on a Sunday, September 13.  Thus, the deadline for filing objections was September 14, 2015, as reflected in the electronic docket for this case.  *See* ECF No. 25.  Defendant filed Mr. Welch's affidavit on September 14, 2015.  *See* ECF No. 30.  Accordingly, the Court finds Defendant timely filed the affidavit and denies Plaintiff's motion to strike.

## III.     Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing section 62-2-803 of the South Carolina Code (Supp. 2014)—known as the "slayer statute"—bars Plaintiff from recovering the proceeds of Holloman's insurance policies.[9]  ECF No. 14-1

---

amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record.").

[9]     Defendant also moves to dismiss on two additional grounds, arguing (1) Plaintiff has exhausted his appellate rights for review of the validity of his murder conviction and (2) Plaintiff did not properly commence this action and effect service of process.  ECF No. 14-1 at 3-7.  The Magistrate Judge did not make a recommendation regarding these grounds for dismissal, and neither Defendant nor Plaintiff objects to the Magistrate Judge's decision not to do so.

at 1-3. The Magistrate Judge recommends granting Defendant's motion to dismiss on the same basis. R & R at 4-5. Plaintiff objects to the Magistrate Judge's recommendation. Pl.'s Objs. at 2-4.

### A.     Applicable Law

When deciding a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pled facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). A complaint must state a "'plausible claim for relief'" to survive a 12(b)(6) motion to dismiss. *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court will not dismiss the plaintiff's complaint so long as he provides adequate detail about his claims to show he has a "more-than-conceivable chance of success on the merits." *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In deciding whether to dismiss a complaint under Rule 12(b)(6), a court may take judicial notice of its own records, as well as documents attached to the complaint and documents attached to the motion to dismiss that "are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Toney v.*

10

3:15-cv-01604-RBH    Date Filed 11/20/15    Entry Number 34    Page 11 of 14

*LaSalle Bank Nat. Ass'n*, 896 F. Supp. 2d 455, 481 n.13 (D.S.C. 2012), *aff'd*, 512 F. App'x 363 (4th Cir. 2013).

South Carolina law prohibits a person who feloniously and intentionally kills an insured from receiving the proceeds of an insurance policy issued to the insured. S.C. Code Ann. § 62-2-803 (Supp. 2014). Section 62-2-803 provides in pertinent part:

> (c)    A named beneficiary of a bond, life insurance policy, retirement plan, annuity, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the individual upon whose life the policy is issued is not entitled to any benefit under the bond, policy, retirement plan, annuity, or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.
>
> . . . .
>
> (f)    A final judgment by conviction, or guilty plea establishing criminal accountability of felonious and intentional killing the decedent conclusively establishes that the convicted individual feloniously and intentionally killed the decedent for purposes of this section.

S.C. Code Ann. § 62-2-803(c), (f) (Supp. 2014). The South Carolina Supreme Court has interpreted the plain language of subsection (c) to mean that "the beneficiary would be barred in instances where it has been found the beneficiary feloniously and intentionally killed the insured. The plain interpretation of the language means the actual killer is barred from collecting the proceeds." *Wilson v. Wilson*, 319 S.C. 370, 372, 461 S.E.2d 816, 817 (1995); *see also Pinion ex rel. Montague v. Pinion*, 363 S.C. 564, 566, 611 S.E.2d 271, 272 (Ct. App. 2005) ("South Carolina Code section 62-2-803 prevents a person who feloniously and intentionally kills another from benefit[t]ing from the death, from either the deceased's estate or contractual arrangements the deceased had, such as life insurance.").

   **B.    Analysis**

11

As an initial matter, the Court notes that in ruling on Defendant's motion to dismiss, the Court may properly consider (1) its previous order denying Plaintiff's habeas petition, (2) the R & R summarizing the facts related to the petition, and (3) the record in the habeas case because such documents are subject to judicial notice and are integral to the allegations presented in Plaintiff's complaint. *See Philips*, 572 F.3d at 180; *Toney*, 896 F. Supp. 2d at 481 n.13.  Plaintiff states in his complaint that he pled guilty to murder (and assault and battery with intent to kill), and that he is the named primary beneficiary of a life insurance policy issued to Regina A. Holloman by Defendant. ECF No. 1-1 at ¶¶ 3, 17-21.  The record in Plaintiff's habeas case, which this Court previously adjudicated, shows Plaintiff pled guilty to murdering Holloman.[10]   *Thomas v. Stevenson*, Civil Action No.

---

[10]    The Magistrate Judge's R & R from the habeas case contains a thorough summary, with citations to the record, of the facts relating to Plaintiff's crimes and guilty pleas:

> The record reflects that Petitioner's convictions arose out of an incident where he shot and killed his girlfriend and shot and seriously injured the girlfriend's mother. (R.pp. 11-15).  At the [state post-conviction relief] hearing, Petitioner testified that his counsel did not "fully" explain the element of malice to him and that if he had done so, he would not have pled guilty.  (R.p. 62).  However, at his plea [hearing], counsel stated in open court that he had explained to Petitioner the elements of the crimes to which he was pleading guilty, including malice aforethought, and what the State would have to prove to convict him, and then the plea court itself also proceeded to explain malice aforethought to the Petitioner in detail.  (R.pp. 4, 17-19).  After the [c]ourt explained malice aforethought to the Petitioner, the [c]ourt told him that the State would have to prove that element beyond a reasonable doubt in order to convict him of either assault and battery with intent to kill or murder. (R.p. 18).  Petitioner then confirmed that he understood, and that he wanted to go forward with his guilty plea.  (R.p. 19).  Accordingly, the record reflects that Petitioner affirmed to the judge at his guilty plea that he understood malice aforethought and that he was pleading guilty to assault and battery with intent to kill and murder based on the understanding that the State would have to prove malice aforethought beyond a reasonable doubt in order to convict him of either offense. (R.pp. 18-19).  Petitioner also confirmed that he understood the charges and possible sentences, that he wanted to plead guilty, and that it was his decision to do so.  (R.pp. 5-11).  Petitioner confirmed that no one had made any promises or threatened him in order to get him to plead guilty, that he had had enough time to discuss the matter with his attorney, that he had told his counsel everything that he needed to tell him about the situation, that counsel had done everything that he expected of him, that he was satisfied with his counsel, and that he had no complaints about his counsel.  (R.pp. 8-10).

9:12-cv-01113-RBH (D.S.C.), at ECF No. 15-1 at 3-32 (guilty plea transcript) and 78-79 (murder indictment naming Regina Holloman as the victim). Under section 62-2-803(f) of the South Carolina Code, Plaintiff's guilty plea establishes his "criminal accountability of felonious and intentional killing the decedent" Holloman, and as a result, "*conclusively establishes* that [Plaintiff] feloniously and intentionally killed [Holloman] for purposes of" section 62-2-803. S.C. Code Ann. § 62-2-803(f) (Supp. 2014) (emphasis added). South Carolina law prohibits Plaintiff, a named beneficiary of Holloman's insurance policies, from receiving the proceeds of the policies. S.C. Code Ann. § 62-2-803(c) (Supp. 2014).[11] Accordingly, the Court finds dismissal under Rule 12(b)(6) is appropriate and grants Defendant's motion on this basis.

## Conclusion

The Court has conducted a thorough review of the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, Plaintiff's motions to remand and to strike, Defendant's motion to dismiss, and Plaintiff's objections. *See* ECF Nos. 1, 11, 14, 25, 28, & 31. For the reasons stated in this

---

> The PCR court found that trial counsel had explained malice aforethought to the Petitioner, that Petitioner understood the elements of malice aforethought, that there was no evidence that malice aforethought was not present, and that Petitioner had shown no prejudice with regard to this claim. After careful review of the record in this case the undersigned finds no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to this issue.

*Thomas*, 2013 WL 809253, at *6.

[11]    Plaintiff further argues in his objections that his actions resulting in Holloman's death did not meet the "felonious and intentional killing" requirements of section 62-2-803. Pl.'s Objs. at 2-4. He also denies that he acted with malice in killing Holloman. *Id.* at 3. The Court notes that Plaintiff's arguments are meritless given that he pled guilty to murder—an element of which is malice—and that he cannot use this lawsuit to collaterally attack the validity of his murder conviction. *See* S.C. Code Ann. § 16-3-10 (2003) ("'Murder' is the killing of any person with malice aforethought, either express or implied."); *see generally Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (recognizing "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments"); *Mowers v. U.S. Atty. Gen.*, 297 F. Supp. 535, 537 (S.D.N.Y. 1969) (recognizing "issues involving the validity of [a] plaintiff's conviction should not be considered in an action for declaratory judgment" (citing *Hurley v. Lindsay*, 207 F.2d 410, 411 (4th Cir. 1953))).

order and in the R & R, the Court overrules Plaintiff's objections, discerns no error in the Magistrate

Judge's findings and recommendations, and adopts and incorporates the R & R [ECF No. 25] by

reference.

   **IT IS THEREFORE ORDERED** that Plaintiff's motion to remand [ECF No. 11] is **DENIED**,

that Plaintiff's motion to strike [ECF No. 31] is **DENIED**, and that Defendant's motion to dismiss [ECF

No. 14] is **GRANTED**.  The Court directs the Clerk to **CLOSE** this case.

   **IT IS SO ORDERED.**


Florence, South Carolina         s/ R. Bryan Harwell
November 20, 2015           R. Bryan Harwell
                  United States District Judge

14